Per Curiam.

The count for money had and received was not sustained by the evidence, because, if the contract was not rescinded, the property in the chattels was in the plaintiff ; his transfer to Livermore was valid; and the yielding by Livermore to the defendant’s demand, he knowing that the boy had been turned away, would give him no right of action against the plaintiff, and neither Livermore nor the plaintiff could maintain an action against the defendant for the money paid by Livermore.[1]
The only ground on which the verdict can be supported, is, that the written contract was rescinded. The facts show that it was rescinded, and the defendant cannot now set it up again. The count upon the quantum meruit is therefore sustained.[2]

Judgment for the plaintiff.

 See Parsons v. Gloucester Bank, 10 Pick. 533; Dickens v. Jones, 6 Yerger, 483; East India Co. v. Tritton, 3 Barn. & Cressw. 280; Goodman v. Sayers, 2 Jacobs & Walk. 263; 2 Stark. Ev. (5th Amer. ed.) 67 and n. (b); Carter v. First Eccles. Soc. in Canterbury, 3 Connect. R. 455; per Hosmer, C. J. 2 Connect. R. 673; Mowatt. v. Wright, 1 Wendell, 355.

 See 1 Chitty on Pl. 118; Cranmer v. Graham, 1 Blackford, 407; Hoar v. Clute, 15 Johns. R. 224; Munroe v. Perkins, 9 Pick. 298; Linningdale v. Livingston, 10 Johns. R. 36; Dubois v. Del. Hud. Canal Co. 4 Wendell, 285; Plancké v. Colburn, 8 Bingh. 14. So where the special contract has been waived; Hayden v. Madison, 7 Greenl. 76; Newman v. M‘Gregor, 5 Ohio, R. 351 See Hayward v. Leonard, 7 Pick. 181.